## STATE V. HICKS.

### Decided April 19, 1890.

1. *Donation of forfeited lands under act of 1879—Accepting attornment from another's tenant in possession.*

Where a donee of forfeited lands under the act of March 14, 1879, finds another's tenant in possession under a void lease, he may accept attornment from such tenant and employ him to prepare the land for cultivation, as required by the act.

2. *Construction of donation act of 1879—Residence on the land.*

> Under the donation act of 1879, a donee who has had ten acres of the land cleared, fenced and put in readiness for cultivation is entitled to his deed, although he has not resided on the land.

APPEAL from *Little River* Circuit Court in Chancery.

R. D. HEARN, Judge.

*W. E. Atkinson*, Attorney General, and *Dan W. Jones* for appellant.

1. The deed in this case was granted under act of March 14, 1879 (Acts 1879, p. 70), and was matter of grace upon part of the State, and the conditions must be strictly complied with.   47 Ark., 199, 202.

2. Hamiter, being the tenant of Hawkins and in possession under him, could not attorn to appellee, or dispute Hawkins' title.   The policy of the law forbids this.   45 Ark., 177, 196; 43 Ark., 28; 33 Ark., 195, 201; 27 Ark., 50.

Appellee could not take advantage of the work done by Hamiter on the land.   He never resided upon it, nor improved any part of it.   He bargained with the tenant of another in possession, and sold it shortly after obtaining the deed.   The facts show that appellee did not donate "for the purpose of settlement and cultivation," but with a view to speculation.   It was a fraud upon the State.   47 Ark., 199, 202.

*Feazel & Rogers* for appellee.

1. Whether Hamiter was a tenant of Burrill Hawkins or not, is not a question for the State to inquire into.   It is sufficient that the improvements required were made by appellee.   The law was complied with strictly.

2. A tenant may acquire or accept and hold under a paramount title when he has no alternative but to attorn or be turned out of possession.   15 Ark., 102; 1 Ark., 418; 17 Ark., 546.

3. Hawkins' lease to Hamiter was void as against public policy, and did not create the relation of landlord and tenant.

BATTLE, J.   The donation deed the State seeks to cancel in this action was executed to appellee under the act of the General Assembly, approved March 14, 1879.   Section 1 of that act provides:   "The right of the State to all lands other than town and city lots which have been forfeited to the State for the non-payment of the tax, penalty and cost due thereon, may be donated to any adult citizen of the United States in tracts not to exceed 160 acres to each applicant therefor."   Section 2 provides:   "Any person wishing to obtain such donation shall apply therefor to the Commissioner of State Lands, and at the same time shall file in the office of such commissioner his or their affidavit stating that he or she is over the age of twenty-one years, and that the land applied for is for the purpose of settlement and cultivation for his or her own use and benefit, and not with a view to speculation."   And section 3 provides:   "That upon filing with the Commissioner of State Lands a written application and the affidavit provided for in section 2 of this act, such Commissioner shall issue a certificate under his hand and seal setting forth that such applicant has applied for a donation of the right of the State to the land described in the application, which certificate shall further state that if within eighteen months from the date of the application the applicant shall present proof to the Commissioner that he or she resides upon and has cleared, fenced and in readiness for cultivation five acres; or, instead of residing thereon, has cleared, fenced and in readiness for cultivation ten acres of the land described in such certificate, the donee shall be entitled to a deed from the State conveying all the right, title and interest of the State in and to the land mentioned in such certificate."   And section 5 provides as follows:   "That on presentation to him of the proof of improvement provided for in section four of

this act, the Commissioner of State Lands shall execute to the donee or to his heirs or assigns a deed under his hand and official seal conveying all of the right, title and interest of the State in and to the land so donated, which deed shall have the same force and effect as other deeds which such Commissioner is authorized by law to execute, on behalf of the State, to forfeited lands.''

Upon the issue of a certificate to appellee in accordance with this act, he caused a survey of the land described therein to be made. He found it in possession of one Gib Hamiter, who was holding under a lease from Burrill Hawkins. He did not dispossess him. He found it unnecessary. Hamiter was willing to hold under him; and he made a contract with him, by which Hamiter agreed to clear, fence and put the land in cultivation for the use of it for three years. Within eighteen months after the issue of his certificate, Hamiter, in performance of this contract, cleared, fenced and put in cultivation ten acres of the land, and appellee presented proof thereof to the Commissioner of State Lands. Now the State contends that this was not in compliance with the act of March 14, 1879, because Hamiter had leased the land of Hawkins before the issue of the certificate to appellee, and was thereby estopped from disputing Hawkins' title. But this did not affect the contract of appellee and Hamiter, or deprive appellee of the benefit of Hamiter's labor thereunder. For it does not appear that Hawkins had any claim to the land, and it is admitted that the land was forfeited to the State. Hawkins and Hamiter were trespassers on the land. Finding Hamiter there without right, appellee could have ejected him. But Hamiter was willing to lease from him, and he hired him to clear and fence the land and put it in cultivation for the use of it for a specified time. This contract was based upon a valuable consideration and was valid. In order to make it, it was not necessary for him to go through the form of dispossessing Hamiter and putting him in possession under a

<div style="margin-note">1. Donation— Act of 1879— Attornment from another's tenant.</div>

lease. According to the rule laid down in *Shorman v. Eakin*, 47 Ark., 351, if the land had been donated to Hamiter instead of appellee, Hamiter would not have been estopped from disputing the title of Hawkins. Public policy would forbid. How then could Hicks· be defeated by Hawkins' lease in obtaining the benefit of Hamiter's labor? Hawkins' lease could not create any trust relations between Hawkins and Hamiter, or impose upon either of them obligations which tended to retard or defeat the State in her policy of settling and developing her land.· To give to it the force or effect claimed for it by appellant would contravene the policy of the State in offering lands forfeited for taxes to those who will put them into cultivation, in quantities not exceeding a quarter section, for a nominal consideration. But it has no such effect. Appellee was entitled to the benefit of the labor of Hamiter performed for him. See *Shorman v. Eakin*, 47 Ark., 351.

2. Necessity of residence on donated land.

It is insisted that appellee did not reside on the land. The law did not require him to do so. He was entitled to a deed if, within eighteen months after the date of his application, he cleared, fenced and made ready for cultivation ten acres of the land donated, and presented proof thereof to the Commissioner of State Lands—which appellee did.

Judgment affirmed.